**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARBON INVESTMENT PARTNERS, LLC, a Delaware limited liability company,<br><br>   Petitioner,<br><br>  v.<br><br>JEFFERIES LLC, a Delaware LLC, VICTOR BANG, an individual, CHRISTOPHER BIANCHI, an individual, ALTON JONES, an individual, and BARSAM LAKANI, an individual.<br><br>   Respondents. | Case No: _CIV-19-216-SLP_____ |

## MOTION TO FILE DOCUMENTS CONDITIONALLY UNDER SEAL

PLEASE TAKE NOTICE that Carbon Investment Partners, LLC ("Carbon GP"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2(d) and (f) and the *ECF Policies & Procedures Manual*, § III(A), to file conditionally under seal portions of Carbon GP's concurrently filed Emergency Petition to Compel Compliance With Subpoenas, along with certain exhibits thereto.  Carbon GP states as follows:

**I. BACKGROUND**

Carbon GP files this motion along with its Emergency Petition to Compel Compliance With Subpoenas For Appearance in Arbitration ("Emergency Petition") in order to compel Respondent Jefferies LLC ("Jefferies") to comply with valid arbitral subpoenas issued by AAA Arbitrator Joe Hampton, Esq., in the AAA arbitration styled

*Carbon Investment Partners, LLC, et al. v. Lee Bressler*, AAA Case No. 01-18-0001-3401 (the "AAA Arbitration"), currently proceeding in Oklahoma City.

In the AAA Arbitration, Carbon GP has asserted claims against Lee Bressler, the fund's former Chief Investment Officer. Specifically, Carbon GP alleges that Bressler established secret day trading accounts (the "Secret Accounts") with the Fund's prime broker Jefferies. With the knowledge and assistance of Jefferies employees, Bressler used the Secret Accounts to make extravagant margin and derivative bets worth hundreds of millions of dollars, using the Fund's money as collateral. In February 2018, those bets imploded, causing over $12 million in losses and destroying all of the Fund's assets.

As detailed in the Emergency Petition, Carbon GP has also asserted claims against Jefferies for aiding and abetting Bressler's fraud in the FINRA arbitration styled *Jefferies LLC v. Carbon Investment Partners, LLC, et al.*, Case No. 18-00980 (the "FINRA Arbitration"), which is also proceeding in Oklahoma City, and is based upon the same facts and circumstances at issue in the AAA Arbitration.

The merits hearing in the AAA Arbitration is scheduled to begin on March 18, 2019. On January 31, 2019, the AAA Arbitrator issued subpoenas to Jefferies employees requiring them to testify at the merits hearing in the AAA Arbitration. On February 22, 2019, Carbon GP received a letter from Jefferies's Deputy General Counsel stating that Jefferies was refusing to comply with the subpoenas, thereby necessitating Carbon GP's Emergency Petition.

Carbon GP is required to file this motion because the Emergency Petition cites, quotes, and/or describes documents produced by Jefferies in the FINRA Arbitration, which are subject to a protective order entered by the arbitrator in that action and which is attached hereto as Exhibit 1. The terms of that protective order require Carbon GP to file documents produced by Jefferies conditionally under seal, in order to provide Jefferies an opportunity to argue that they should remain sealed permanently.

The publicly filed version of Carbon GP's Emergency Petition accordingly redacts those portions that cite, quote, or describe documents produced by Jefferies in the FINRA Arbitration, and the exhibits produced by Jefferies have been replaced with a slipsheet indicating that they have been filed conditionally under seal (collectively, the "Conditionally Sealed Materials").

For clarity, and as explained further below, Carbon GP's position is that none of these documents are sealable under binding Tenth Circuit precedent. Nevertheless, Carbon GP is required to file this motion in order to file its Emergency Petition, which seeks the Court's aid in enforcing the arbitral subpoenas issued by the AAA Arbitrator, which Jefferies is defying in violation of the Federal Arbitration Act. Carbon GP accordingly files this motion because it is required to do so, but, as described below, urges that after the Conditionally Sealed Materials are permitted to be filed under seal, the Court review such materials and enter an Order that Carbon GP be permitted to openly file an unredacted version of the Emergency Petition along with all exhibits, including the Conditionally Sealed Materials.

**II.    THE TENTH CIRCUIT RECOGNIZES A HEAVY PRESUMPTION OF PUBLIC ACCESS TO THE FEDERAL COURTS**

Again, Carbon GP is conditionally filing these exhibits under seal because it is required to do so under the existing protective order in the FINRA arbitration. However, in the Tenth Circuit, a party that seeks to seal documents must overcome "the strong presumption in favor of public access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "To overcome this presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quotations omitted). The Tenth Circuit has held that the fact that documents are subject to a protective order is an insufficient rationale for sealing. *Id.*; *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241-42 (10th Cir. 2012)

Carbon GP does not believe that Jefferies can meet this heavy burden, and so this motion should be denied, and the conditionally sealed exhibits should be unsealed.

**III.   JEFFERIES CANNOT ARTICULATE A REAL OR SUBSTANTIAL INTEREST IN SEALING THE CONDITIONALLY SEALED MATERIALS THAT OUTWEIGHS THE PRESUMPTION OF PUBLIC ACCESS**

All of the exhibits comprising the Conditionally Sealed Materials are internal Jefferies correspondence relating to the Fund. Thus, there are no Jefferies trade secrets or sensitive commercial materials within the Conditionally Sealed Materials. Indeed,

if any party had a confidentiality interest in the Conditionally Sealed Materials, it would be *Carbon GP*, not Jefferies.

In the absence of even a passing interest in confidentiality—let along the "real and substantial interest" required by the Tenth Circuit to meet the heavy burden of overcoming the presumption of public access—there is simply no basis for the Conditionally Sealed Materials to remain under seal.

### IV.    CONCLUSION

In light of the foregoing, Carbon GP respectfully requests: (i) an Order permitting Carbon GP to file the Conditionally Sealed Materials under seal pursuant to the *ECF Policies & Procedures Manual*, § III(A); and (ii) that the Court thereafter review the Conditionally Sealed Materials and enter a second Order requiring that the Conditionally Sealed Materials be publicly filed on the docket within 10 business days.

Date:  March 6, 2019                              Respectfully submitted,

By:    /s/ Kurt M. Rupert

HARTZOG CONGER CASON
Kurt M. Rupert, OBA No. 11982
Matthew W. Brockman, OBA No. 22077
Armand Paliotta, OBA No. 15320
201 Robert S. Kerr Avenue, Suite 1600
Oklahoma City, Oklahoma 73102
(405) 235-7000 Telephone
(403) 233-7000 Telephone
krupert@hartzoglaw.com
mbrockman@hartzoglaw.com
apaliotta@hartzoglaw.com

-and-

BRAUNHAGEY & BORDEN LLP

J. Noah Hagey, Esq.
(*pro hac vice forthcoming*)
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
(415) 599-0210 Telephone
(415) 276-1808 Facsimile
hagey@braunhagey.com

***Counsel for Petitioner CARBON INVESTMENT PARTNERS, LLC***